IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCEL MALU MALANGA,<br>TYLER CHRISTIAN THOMPSON JR.,<br>BENJAMIN REUBEN ZALMAN-POLUN, and<br>JOSEPH PETER MOESSER.<br><br>Defendants. | Case No.: 2:25-cr-00153-RJS-DBP<br><br><br>AMENDED STIPULATED<br>DISCOVERY PROTECTIVE ORDER<br><br><br>Chief Magistrate Judge Dustin B. Pead |

Before the Court is an unopposed motion by the United States to amend the discovery protective order issued in this matter on May 8, 2025. *See* ECF No. 65. The Court, having considered the United States of America's Unopposed Motion for Amended Stipulated Discovery Protective Order, and with good cause appearing, hereby grants the motion as follows.

The Court makes the following FINDINGS:

1. Discovery in this case contains voluminous records, including, without limitation, confidential information, law enforcement sensitive information, information from a foreign government, financial information, and witness information, including names, personal identifiers, photographs, videos, and/or contact information. Redaction of this information is onerous, would consume significant resources, and would cause substantial disclosure delays.

2. To avoid such costs and delay and to comply with its constitutional obligations, the United States seeks to produce unredacted discovery under a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

3. Rule 16(d)(1) protective orders serve to prevent the unauthorized dissemination, distribution, or use of material containing sensitive information related to confidential information, law enforcement sensitive information, financial information, and witness information.

4. A protective order is necessary and appropriate to prevent harmful disclosure of sensitive information while also preserving the defendant's right to meaningful discovery and a fair trial.

Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ORDERED:

1. The United States may provide defense counsel with unredacted discovery, including documents and recordings that contain personal identifying information of third parties.

2. The discovery materials are solely for the use of the defendant, the defendant's respective attorney(s), and other individuals or entities acting within the attorney-client relationship to prepare for trial in the criminal case now before the Court. No information disclosed pursuant to this order shall be used for any other purpose or proceeding.

3. The discovery materials shall not be disclosed or made available for inspection or copying to any person, other than as described below. A copy of this protective order shall be given to any person receiving discovery.

4. The discovery materials may be disclosed to the defendant's attorney and other individuals or entities acting within the attorney-client relationship in connection with preparation of the criminal case, such as co-counsel, legal assistants, paralegals, investigators, and experts. Counsel for the United States may authorize, in writing, further disclosure of the discovery without further order of this Court.

5. **Restricted Disclosure – ATTORNEYS' EYES ONLY.** Defendants' attorneys (including investigators, paralegals and office staff) receiving documents marked ATTORNEYS' EYES ONLY at the top of each page or in the electronic file name of documents, or electronic file folder name, in the government's disclosure shall not provide, reproduce, distribute in hard copy or electronic form, or disclose the identities or names of individuals identified as cooperating witnesses or the identities of individuals for whom the government has notified defense counsel in writing of potential witness safety issues in the government's disclosures marked ATTORNEYS' EYES ONLY to any defendant without further order of the Court or written permission from the United States.

6. **Redacted Disclosures to the Defendant.** Discovery materials, with the exception of those materials marked as ATTORNEYS' EYES ONLY as described in paragraph 5, may also be provided to the defendant on the condition that the following information relating to victims are removed: full names (initials for first and last names may be utilized); personal identifying information, including dates of birth and social

security numbers; residential addresses; telephone numbers; and other contact information such as email addresses. Further, discovery materials, with the exception of those materials marked as ATTORNEYS' EYES ONLY as described in paragraph 5, may also be provided to the defendant on the condition that the following information relating to <u>witnesses</u> are removed: personal identifying information, including dates of birth and social security numbers; residential addresses; telephone numbers; and other contact information such as email addresses.

7. **Inadvertent Production.** At the request of the government, the defendant shall return all copies of material that was inadvertently produced in discovery.

8. Should the defendant, his attorneys of record, or any of the other individuals or entities listed above find any material inadvertently produced by the United States that is marked as classified, they shall immediately double-seal the material and all copies of the material, inform the United States of such inadvertent disclosure, and make arrangements for the secure return of such material to the United States.

9. **Reasonable Compliance Measures.** Counsel for the defendant is responsible for employing reasonable measures to control duplication of, and access to, the discovery materials. Such reasonable measures include, but are not limited to, providing a copy of this order to any authorized recipient of discovery, and notifying them that they are subject to the terms of this order. Produced materials shall be stored in a manner consistent with the terms of this protective order. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or folders marked "UNDER PROTECTIVE ORDER – DO NOT DISCLOSE." Electronic materials produced to the

defense and printouts obtained from electronic materials shall be handled in the same manner. This order does not relieve the parties' separate obligations to ensure their Court filings comply with Rule 49.1's provisions for privacy protection.

10. Defendant, his attorneys, and all other individuals or entities who receive material in this case are required to give a copy of the protective order to all individuals or entities engaged or consulted by defense counsel in preparation of trial in this case. Any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

11. **Return or Destruction After Case.** Defense counsel shall maintain the confidential and privileged nature of the discovery and within 90 days of the conclusion of this case, including all related appeals, all document produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office for the District of Utah or destroyed. Defense counsel shall notify the United States Attorney's Office in writing that all such copies have been destroyed.

12. **Enforcement.** Any knowing and willful violation of this protective order by defendant(s), his attorneys, or others, may result in a contempt of court proceeding or other civil or criminal sanctions.

//

//

//

13. **Continuing Jurisdiction.** The provisions of this order governing disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

IT IS SO ORDERED.

_____
DUSTIN B. PEAD
United States Chief Magistrate Judge

Dated: June 25, 2025