Skye Lazaro (14071)
**RAY QUINNEY & NEBEKER, P.C.**
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: 801-532-1500
Facsimile: 801-532-7543
slarazo@rqn.com

Trinity Jordan (15875)
Jacob R. Lee (17531)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
trinity.jordan@dentons.com
jake.lee@dentons.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>MARCEL MALU MALANGA, TYLER CHRISTIAN THOMPSON JR., BENJAMIN REUBEN ZALMAN-POLUN, and JOSEPH PETER MOESSER,<br><br>  Defendants. | **REPLY IN SUPPORT OF MOTION TO DISMISS CASE DUE TO RIGHT TO COUNSEL, DUE PROCESS, AND EQUAL PROTECTION VIOLATIONS**<br><br>Case No. 2:25-cr-00153-RJS-DBP<br><br>Justice Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant Tyler Christian Thompson, Jr. ("Mr. Thompson"), through counsel, submits this Reply in Support of the Motion to Dismiss. The government's mootness argument rests on a temporary appropriation that neither cures the constitutional injury already inflicted nor ensures

SL_8580145.5

the resources necessary to provide effective assistance going forward. Dismissal without prejudice remains the only remedy that addresses the violation and preserves the integrity of the proceedings.

The government's mootness argument, referring to the recent passage of an Appropriations Bill to fund the government including CJA services, fails because the government wrongly assumes that the end of the government shutdown solves all of the relevant funding issues. Counsel to this point has not received payment.[1] Even if they soon receive payment, this Appropriation Bill fails to fully address the backlog of unpaid CJA vouchers and defense expenses incurred since June 2025 and the future funds needed for CJA vouchers, which—if unresolved—will produce further prejudice to Mr. Thompson's defense. *See* Letter to Congress, Advocacy for Full Funding of Federal Defender Services (Nov. 17, 2025) ("Exhibit A") (noting appropriation "still leaves a $200 million dollar delta,"). Additionally, the Administrative Office of the U.S. Courts has indicated that the current funding package only provides funding "through January 30, 2026," and cautions about the possibility of "another lapse in the appropriations at the end of the CR." Admin. Office of U.S. Courts, Memorandum No. DIR25-139, Fiscal Year 2026 Continuing Resolution and Status of Judiciary Operations (Nov. 13, 2025) ("Exhibit B"). Here, considering that the next status conference is set to take place on April 17, 2026, this case is expected to remain active beyond the current funding horizon, meaning that the recent appropriation will not carry the defense to this status conference, let alone to trial. This issue will continue to produce a cloud of uncertainty over the defense, creating significant prejudice to Mr. Thompson.

On November 12, 2025, a federal court granted dismissal on similar facts. On a record of

---

[1] It should be noted that on November 19, 2025, undersigned counsel did receive communications that all past vouchers will be processed within a period of 8 days or so.

2

months-long CJA nonpayment and an approaching trial date, the Eastern District of California dismissed an indictment under Rule 12 and the court's supervisory powers. *See United States v. Ortiz*, No. 2:24-cr-00302-JAM, Order Granting Motion to Dismiss (E.D. Cal. Nov. 12, 2025) at 6–12 ("Exhibit C"). The court found that the structural, government-caused resource imbalance "undoubtedly prejudices Defendant as his counsel faces the prospect of preparing for trial with no financial resources at her disposal." *See id.* at 6–7. As a result, the court held that "this chronic constitutional violation can only be remedied by a dismissal of the indictment." *Id.* at 10.

In this case, the proper remedy is dismissal where there is a clear constitutional violation, substantial prejudice, and no less remedial action that will cure the violation. *See United States v. Morrison*, 449 U.S. 361, 365 (1981) (remedy must be "tailored to the injury suffered"). The persistent nonpayment and underfunding of defense resources, juxtaposed with an uninterrupted prosecution, meets that standard, and the government's mootness argument fails to address the past, present, and future problems that the lack of funding has produced in this case. The Court should therefore dismiss without prejudice the pending charges against Mr. Thompson.

DATED: November 20, 2025.

**DENTONS DURHAM JONES PINEGAR**

/s/ *Trinity Jordan*
Trinity Jordan
Jacob R. Lee

**RAY QUINNEY & NEBEKER, P.C.**

/s/ *Skye Lazaro*
Skye Lazaro

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Molly Mallard, certify that on this 20th day of November, 2025, I caused a true and correct copy of the foregoing to be served via CM/ECF on counsel for all parties of record herein.

/s/   Molly Mallard