MELISSA HOLYOAK, United States Attorney (#9832)
BRYAN R. WHITTAKER, Assistant United States Attorney (#16764)
JONATHAN STOWERS, Assistant United States Attorney (#16374)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCEL MALU MALANGA,<br>TYLER CHRISTIAN THOMPSON, JR.,<br>BENJAMIN REUBEN ZALMAN-POLUN,<br>and<br>JOSEPH PETER MOESSER.<br><br>Defendants. | Case No.: 2:25-cr-00153-RJS-DBP<br><br>EIGHTH CERTIFICATE OF COMPLIANCE AND REQUEST FOR RECIPROCAL DISCOVERY<br><br>DISTRICT JUDGE ROBERT J. SHELBY<br><br>MAGISTRATE JUDGE DUSTIN PEAD |

The United States of America, through its counsel, hereby files its Eighth Certificate of Compliance with its discovery obligations in this case and Request for Reciprocal Discovery from the defendants. Due to the large amount of discovery in this matter, the United States anticipates producing additional discovery on an ongoing basis. The case has been designated as a complex case.

The United States gives notice that the following, in accordance with FRCP 16(a)(1)(E), and subject to the Amended Protective Order issued by the Court, Doc. No. 103, is being or has been provided to the Discovery Coordinator via USAfx:

/ / /

/ / /

| Items | Description |
|---|---|
| USAfx Folder NOC08PO | Reports and detailed Discovery Index. |

Pursuant to Rule 12(b)(4)(A) of the Federal Rules of Criminal Procedure, the United States notified the defense that at trial, the United States may seek to use all physical evidence, statements made by the defendants and others, police reports, phone records, electronic evidence (including body camera footage), documents, and photographs obtained during the investigation. The United States reserves the right to introduce in its case-in-chief all tangible objects, physical, documentary, and electronic evidence, and all other evidence provided, made available, or identified in discovery.

As additional discoverable material becomes available, such material will be provided within a reasonable time. Throughout this case, the United States will provide material discoverable under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act without requiring the defendants to make a specific request for such material. Upon the request of any of the defendants, the United States will permit and facilitate the defendant's own inspection, copying, or photographing of those items described/defined in Rule 16(a)(1)(E) including for example pole cam video surveillance and agent notes are available at the U.S. Attorney's Office for inspection.

The United States also hereby requests disclosure of evidence by the defendants (also known as reciprocal discovery) pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and DUCrimR 16-1(c). By providing Rule 16 discovery without requiring a specific request from the defense, the United States invokes a reciprocal obligation on the part of the defendants under DUCrimR 16-1(c), which states that a defendant must allow the government to inspect and to copy the following, as further defined in Rule 16 of the Federal Rules of Criminal Procedure:

a. Documents and tangible objects each defendant intends to introduce as evidence at trial;

b. Reports of examinations and tests each defendant intends to introduce at trial or that were prepared by a witness whom the defendant intends to call at trial; and

c. A written summary of the testimony of any expert each defendant intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

The United States requests that each defendant provide to the government at a reasonable time before trial, but no later than thirty working days before trial, copies of the material referenced in the preceding paragraph. Further, the United States requests continuing compliance with the defendants' reciprocal discovery obligations following the initial disclosure(s).

The United States also hereby requests all written and recorded statements by any witness other than each defendant whom the defendant intends to call at trial, or a hearing covered by the Jencks Act or Rule 26.2 of the Federal Rules of Criminal Procedure.

Rule 12.1 of the Federal Rules of Criminal Procedure provides that, upon the United States' request, a defendant must give notice of his or her intent to rely upon a defense of alibi (date, time, and place of offense as alleged in the indictment). The United States makes such a request and states that the time, date, and place of the alleged offense is outlined in the Indictment.

Under Rule 12.2 of the Federal Rules of Criminal Procedure, a defendant who intends to assert a defense of insanity at the time of the alleged offense or who intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt must notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the Court sets, and file a copy of the notice

with the clerk. The United States makes a request under Rule 12.2 for notice of an insanity defense and/or mental examination.

Additionally, Rule 12.3 provides that if a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion or at a time the Court sets. Fed. R. Crim P. 12.3. The notice filed with the clerk must be under seal if the notice identifies a federal intelligence agency as the source of public authority. *Id*. The United States hereby requests notice of any intent seeking to rely on a defense of public authority.

If notice is not provided to the United States under any of the above cited Rules, the United States will vigorously oppose any presentation of these defenses at trial.

DATED this 17th day of August, 2026.

MELISSA HOLYOAK
United States Attorney

*/S/ Jonathan Stowers*
JONATHAN STOWERS
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of August, 2026, the Eighth Certificate of Compliance and Request for Reciprocal Discovery was filed electronically to the District Court, and caused to be served via USAfx, to the following:

**Elizabeth Daniel Vasquez**
E. Daniel Vasquez Consulting, LLC
*Discovery Coordinator*
50 West South Orange Avenue, Ste 2W
South Orange, NJ 07079

*/S/ Erica Arvizo*
ERICA ARVIZO
Supervisory Paralegal Specialist