MELISSA HOLYOAK, United States Attorney (#9832)
BRYAN R. WHITTAKER, Assistant United States Attorney (#16764)
JONATHAN STOWERS, Assistant United States Attorney (#16374)
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Emails: Bryan.Whittaker@usdoj.gov
Jonathan.Stowers@usdoj.gov

KEVIN C. NUNNALLY, Trial Attorney (Virginia #43072)
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-2000
Email: Kevin.Nunnally@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCEL MALU MALANGA,<br>TYLER CHRISTIAN THOMPSON, JR.,<br>BENJAMIN REUBEN ZALMAN-POLUN,<br>and<br>JOSEPH PETER MOESSER,<br><br>Defendants. | Case No.: 2:25-cr-153-RJS-DBP<br><br>RESPONSE IN OPPOSITION TO DEFENDANT POLUN'S MOTION FOR ADVERSARIAL CIPA 4 FILINGS<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

The United States opposes the Defendant's Motion to disclose the Government's *ex parte* filings under Section 4 of the Classified Information Procedures Act ("CIPA § 4") in this case. Def's Mot., ECF No. 151. Courts have universally rejected challenges to the *ex*

*parte* procedures under CIPA § 4. In fact, the Defendant has not identified a single case in his Motion wherein a court has ordered the disclosure of the Government's *ex parte* CIPA § 4 filings, and he provides no legitimate basis why this uniform precedent should be abandoned here. To the Government's knowledge, no court has ever done what the Defendant asks this Court to do here in the first instance, which is to hold adversarial CIPA § 4 proceedings and order the Government to disclose its classified CIPA § 4 filings. *United States v. Trump*, 701 F. Supp. 3d 1, 3 (D.D.C. 2023) (finding that "it bears emphasis that the defense identifies no case in which any court has ordered the relief they seek here [to disclose parts of the Government's *ex parte* CIPA § 4 filing to defense counsel], and this court is aware of none."). Lacking both legal support and factual backing, the Defendant's Motion should be denied.

The Defendant's Motion is meritless and foreclosed by *United States v. Muhtorov,* 20 F. 4th 558, 582, 629, & 644-45 (10th Cir. 2021). The Defendant cites *Muhtorov*, the Tenth Circuit's controlling CIPA § 4 case, for the "standard governing a district court's evaluation of a CIPA § 4 motion." Def.'s Mot. at 2, ECF No. 151. The United States agrees that this Court should apply *Muhtorov's* standards in this case. In *Muhtorov*, "[d]ue to the nature of the investigative materials, the court conducted *ex parte* hearings in compliance with [CIPA]." *Muhtorov*, 20 F.4th at 582. CIPA permits the Government to request that § 4 submissions be reviewed "by the court alone." *Id.* at 628. In *Muhtorov*, the "government submitted numerous CIPA filings to the district court. The court held 18 *in camera* and *ex parte* classified hearings." *Id*. at 629. Not one, but eighteen *in camera*, *ex parte* hearings. Upon review, the Tenth Circuit approved of the district court's handling of the CIPA § 4 proceedings finding no error with the district court holding these eighteen hearings *in camera* and *ex parte*. *Id*. at 644-45. The Tenth Circuit affirmed Muhtorov's conviction and the district court's judgment. *Id*. at

661. *Muhtorov* does not support the Defendant's position that this Court should direct the Government to disclose its CIPA § 4 filings. This Court should follow *Muhtorov* and handle the CIPA § 4 proceeding *in camera* and *ex parte*. On this basis alone, the Court should deny the Defendant's Motion.

The other cases cited by the Defendant in his Motion also fail to support his position. Like *Muhtorov*, the other cases hold directly against his argument. Many of the cases he cites are not even CIPA § 4 cases. Others rest upon quotations taken out of context and, when read in the framework of the full legal opinion and holding, they provide no support for the Defendant's Motion.

For example, the Defendant cites the Second Circuit's opinion in *United States v. Aref*, 533 F.3d 72, 79-80 (2d Cir. 2008). Def. Mot. at 2. But *Aref* flatly rejects the very argument the Defendant attempts to persuade this Court to follow. "We also reject Aref's contention that the district court improperly held *ex parte* hearings with the Government when evaluating the classified material. Both CIPA section 4 and Rule 16(d)(1) authorize *ex parte* submissions." *Id*. at 81. The *Aref* court continued, "[i]n a case involving classified documents, ... *ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information." *Id.* Finally, the *Aref* court stated, "[w]hen the 'government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" *Id*. *citing* H.R. Rep. 96–831, pt. 1, at 27 n. 22.

Similarly, the Defendant cites *United States v. Pringle*, which like *Muhtorov* and *Aref*, holds contrary to the Defendant's arguments. 751 F.2d 419, 427 (1st Cir. 1984) (holding that

"[w]e rule that the government correctly followed the pertinent sections of CIPA in this case and the court's *ex parte in camera* inspection of the documents was authorized under § 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1).").

In further support of his argument that *ex parte* proceedings are inherently disfavored, the Defendant cites: 1) *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002); 2) *Guenther v. Commissioner of Internal Revenue*, 889 F.2d 882, 884 (9th Cir 1989); 3) *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 55 (1993); 4) *United States v. Abuhamra*, 389 F.3d 309, 324 (2d Cir. 2004); and 5) *American-Arab Anti- Discrimination Committee v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995). But these cases do not support his argument either because none of them pertain to classified information or CIPA proceedings. Ironically, the *Abuhamra* court specifically acknowledges that if there had been classified information at issue and if CIPA applied, then it would have conducted an entirely different analysis. *Abuhamra*, 389 F.3d 309, 324 (holding that "none of the proffered evidence is classified "for reasons of national security" pursuant to the Classified Information Procedures Act…[h]ad that been the case, we would be obliged to conduct a very different analysis of Abuhamra's due process claim…."). But the Defendant omitted that part of the holding from his Motion. These cases, like the other cases he cites in his Motion, do not support his contention that the Government should be required to disclose its CIPA § 4 filings.

In addition to relying on cases that are contrary to the Defendant's arguments or that fall outside the CIPA context, other quotations provide no support when read in context. For example, Defendant quotes *Dennis v. United States*, 384 U.S. 855, 875 (1966), stating that "[i]n our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." Def.'s

Mot. at 9. First, this case is not a CIPA case, but a case dealing with disclosure of grand jury material. More importantly, Defendant omits the fact that the Supreme Court specifically recognized the Court's unique role in making an *in camera ex parte* decision when "rul[ing] upon applications by the Government for protective orders in unusual situations, such as those involving the Nation's security…." *Id*. In other words, *Dennis* does not support the Defendant's position whatsoever. *Dennis* actually supports exactly what the United States is asking this Court to do in this case. The United States has filed a Motion for a protective order to protect classified information and the national security interests of the United States. A task for which the Supreme Court has clearly approved of for a judge to do in an *in camera ex parte* fashion in national security matters. *Id.*

Similarly, Defendant quotes *United States v. Abu Marzook*, 412 F. Supp. 2d 913, 921 (N.D. Ill. 2006), but omits multiple critical facts. Def.'s Mot. at 8. First, the quoted language is not the court's own reasoning, let alone its holding. *Marzook* is quoting *Stein v. Dep't of Just. & Fed. Bureau of Investigation*, 662 F.2d 1245, 1254 (7th Cir. 1981), a FOIA case. Second, the quoted passage is from the portion of the opinion discussing whether classification designations are judicially reviewable, not whether to have an *in camera ex parte* proceeding under CIPA § 4 or whether to allow defense counsel to have unfettered access to classified information during that CIPA § 4 proceeding. Indeed, the facts in *Marzook* are completely different than what Defendant asks this Court to do here. In *Marzook*, the Government moved to close the courtroom to the public during the classified portions of Israel Security Agency ("ISA") agents' (ISA is a domestic intelligence agency for the State of Israel) testimony at a suppression hearing. The defendant challenged the designation of the ISA agents' testimony as classified but did not challenge, and did not raise, the *ex parte*

procedures under CIPA § 4.[1] In short, the issues in *Marzook* are not the issues raised by Defendant here. *Marzook* is simply inapplicable.

The Defendant claims that because his counsel has a security clearance, he should have access to the classified materials. But whether defense counsel has a security clearance does not matter. The Tenth Circuit has held that, "while CIPA could provide a district court procedural guidance to district courts in restricting or denying review it does not provide [the defendant or his counsel] freestanding right to classified information." *United States v. Lustyik,* 833 F.3d 1263, 1267-71 (10th Cir. 2016) (district court acted properly in denying cleared defense counsel's access to classified information at sentencing). "Defense counsel's security clearance does not obviate the need for the Court to consider the Government's CIPA motion *ex parte* and *in camera*." *United States v. Mostafa*, 992 F. Supp. 2d 335, 339 (S.D.N.Y. 2014); *United States v. Lustyik,* 833 F.3d 1263, 1267-71 (10th Cir. 2016) (district court acted properly in denying cleared defense counsel's access to classified information at sentencing); *United States v. Libby*, 429 F.Supp.2d 18, 24 n. 8 (D.D.C. 2006), *amended by* 429 F.Supp.2d 46 (D.D.C.2006) ("It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses."); *United States v. Zazi*, 2011 WL 2532903, at *3 (E.D.N.Y. June 24, 2011) (defense "lawyers both possess top secret security clearances, which afford them access to the classified summaries the government will shortly provide, but those clearances do not mandate an adversary hearing or access to immaterial classified information for which counsel has no legitimate need."). Therefore, just

---

[1] The *Marzook* court held that the portions of the hearing involving classified information would be closed to the public. *Id*. at 925

because defense counsel may have a security clearance, it does not justify being granted access classified information.

For the reasons explained herein, the Court should deny the Defendant's Motion in its entirety.

DATED this17th day of August 2026.

MELISSA HOLYOAK
United States Attorney

/s/ *Bryan R. Whittaker*
BRYAN R. WHITTAKER
Assistant United States Attorney
Chief, National Security & Cybercrimes Section

/s/ *Jonathan Stowers*
JONATHAN STOWERS
Assistant United States Attorney
National Security & Cybercrimes Section

/s/ *Kevin Nunally*
KEVIN NUNALLY
Trial Attorney, Counterterrorism Section
National Security Division
U.S. Department of Justice